UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAROLINA TANJUTCO,

                Petitioner,

-against-

NYLIFE SECURITIES LLC; NEW YORK LIFE INSURANCE COMPANY; CAROL MARIA LUTTATI ACTING AS CHAIR OF FINANCIAL INDUSTRY REGULATORY AUTHORITY,

                Respondents.

23-CV-4889 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner Carolina Tanjutco, who is appearing *pro se*, brings this action under the Federal Arbitration Act ("FAA") to confirm in part and to vacate in part an award issued by a panel of the Financial Industry Regulatory Authority ("FINRA"). Petitioner "hold[s] securities licenses in the States of New York, California, New Jersey and Florida, with pending renewal at Virginia and Connecticut, and pending registration at Nevada." (ECF 1, at 1.) Named as Respondents are NYLife Securities LLC ("NYLife"); New York Life Insurance Company ("NYLIC"); and Carol Maria Luttati, who served as Chairperson of the Arbitration panel on behalf of FINRA. By order dated June 29, 2023, the Court granted Petitioner's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Petitioner leave to file an amended motion within 60 days of the date of this order.

## STANDARD OF REVIEW

      The Court must dismiss an IFP action, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss an action when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* submissions liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009*)*, and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

Any application for relief under the FAA "shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided." 9 U.S.C. § 6. Thus, any such application is not subject to the pleading requirements articulated by the Federal Rules of Civil Procedure for a complaint commencing a federal civil action. *See Productos Mercantiles E Industriales, S.A. v. Faberge USA, Inc.*, 23 F.3d 41, 46 (2d Cir. 1994).

### BACKGROUND

Petitioner asserts her claims in (1) a petition and motion to confirm in part and vacate in part the arbitration award (ECF 1); (2) a notice of motion to confirm in part and to vacate in part the arbitration award (ECF 3); (3) a memorandum in support of her motion; and (4) a declaration in support of her motion and accompanying exhibits (ECF 5, 5-1). The following allegations are taken from Petitioner's submissions.

Petitioner was the claimant in FINRA Arbitration No. 22-01428, in which NYLife was the respondent and NYLife and NYLIC were counterclaimants. Petitioner asks this Court to (1) confirm the arbitration panel's "Expungement Award"; (2) "vacate and delete Par. 9 of the Award as contrary to FINRA Resolution in FINRA Matter 20210731117" and "to order the

expungement from petitioner's CRD record in conformity with FINRA Matter decision";[1] (3) "vacate and delete Par. 1 and 2 awarding Attorneys fees to respondent"; (4) "vacate and delete Par. 6 ordering a 2-year Injunction"; and (5) "vacate and delete Par. 7 denying 'all other' claims by petitioner." (ECF 1, at 1.)

The Arbitration Award, which Petitioner attaches to the petition, states that her underlying claim in the arbitration was "expungement of Form U5 and customer related dispute."[2] (ECF 5, at 4.) As relief, Plaintiff requested "expungement of Occurrence Numbers 1865245, 2169419, and 2169420, and unspecified punitive and exemplary damages." (*Id.*) NYLife and NYLIC asserted counter claims for "breach of contract; tortious interference with contractual relations; and permanent injunction." (*Id.*)

In this motion, Petitioner appears to challenge various aspects of the FINRA arbitration proceeding. For example, she alleges that the panel "exceeded its authority in allowing respondents to file a later Fee petition after the case closed, and granting full attorney's fees based on the bills not offered in evidence during the hearing, this despite merit of petitioner's expungement that was granted." (ECF 1, at 4.) She further alleges that the panel exceeded its authority by permitting "late filing of respondent's Counterclaim that introduced new parties to the case" which was "detrimental to petitioner's expedited case."[3] (*Id.*) Petitioner also alleges that an injunction imposed on her by the arbitration panel, apparently requiring her to abide by a

---

[1] "CRD" is a reference to the Central Registration Depository, a database that is open to public inspection through FINRA's BrokerCheck program. (*See* ECF 4, at 3.)

[2] Petitioner's allegations suggest that Form U-5 is a form that was included in her CRD file.

[3] Petitioner states that her case was expedited due to "her health condition and age." (*Id.*)

non-compete clause in her employment contract, constitutes "an illegal restraint of trade or commerce in violation of federal and New York anti-trust laws." (*Id.* at 7.)

Petitioner further alleges that

> the Chair abruptly decided this case without considering documentary evidence by petitioner critical to the issues, while on the other hand, extending leniency to respondent counsel who forgot to present evidence of his attorney's billing during the hearing, but the Chair 'cured' his problem by ordering him to submit an affidavit after the case closed, so he can collect his attorneys fees.

(ECF 4, at 13.)

Petitioner asserts that the arbitration panel's actions violated her procedural due process rights and her "right to cross-examine the witness and verify the validity of each and every receipt that he attached – and subsequently awarded by the Panel." (*Id.*)

## DISCUSSION

**A.    Subject Matter Jurisdiction**

The Federal Arbitration Act ("FAA") does not independently grant subject matter jurisdiction to a federal district court. *See, e.g.*, *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983). "A federal court may entertain an action brought under the FAA only if the action has an 'independent jurisdictional basis.'" *Badgerow v. Walters*, 142 S. Ct. 1310, 1316 (2022) (citation omitted). Thus, "an applicant seeking, for example, to vacate an arbitral award under Section 10 [of the FAA] must identify a grant of jurisdiction, apart from Section 10 itself, conferring 'access to a federal forum.'" *Id.* (citation omitted). The federal district court may not "look through" to the underlying controversy to find federal jurisdiction, but rather must "look only to the application actually submitted to it in assessing its jurisdiction." *Id.* at 1314. If the applicant shows that the matter falls under the Court's federal question or diversity jurisdiction, as set forth generally in 28 U.S.C. §§ 1331 and 1332, then a federal district court may consider a motion under the FAA. *See id.* at 1317-18.

4

A federal district court has subject matter jurisdiction of a matter only when a "federal question" is presented, 28 U.S.C. § 1331, or when there is diversity jurisdiction, that is, when the opposing parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, 28 U.S.C. § 1332(a)(1). "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

**1.     Federal Question Jurisdiction**

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Petitioner asks the Court to confirm and vacate various aspects of the arbitration award, but she does not state an independent cause of action arising under federal law. Her allegations

5

that the arbitration panel exceeded its authority and favored Respondents throughout the proceedings suggest that she may be attempting to assert a claim under 42 U.S.C. § 1983 that the arbitration panel violated her federal constitutional right to due process. However, a claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Defendants NYLife and NYLIC are private companies that are not alleged to work for any state or other government body.

      The remaining Respondent, FINRA Chair Carol Maria Luttati, is also a private actor who is not subject to liability under Section 1983. *See, e.g.*, *Loftus v. Fin. Indus. Regulatory. Auth., Inc.*, No. 20-CV-7290 (SHS), 2021 WL 325773, at *5 (S.D.N.Y. Feb. 1, 2021) ("FINRA, a private corporation and self-regulatory organization, is not a state actor, and courts have spoken in one voice in rejecting attempts to challenge its enforcement actions on the basis of due process."); *Santos-Buch v. Fin. Indus. Regulatory Auth., Inc.*, 32 F. Supp. 3d 475, 484-85 (S.D.N.Y. 2014) ("[T]he Second Circuit has repeatedly held that [FINRA] is a private actor."); *see also D.L. Cromwell Inv., Inc. v. NASD Regulation, Inc.*, 279 F. 3d 155, 162 (2d Cir. 2002) (stating that courts have held repeatedly that FINRA's predecessor, National Association of Securities Dealers, Inc. ("NASD"), is not a state actor for Section 1983 purposes). Because Respondents are not state actors, Petitioner cannot state a claim against them under Section 1983,

and therefore Section 1983 cannot form a basis for federal question jurisdiction of Petitioner's claims.

Petitioner argues that the Court has federal question jurisdiction because "[t]he F[ederal] A[rbitration] A[ct] applies to agreements to arbitrate in contracts concerning transactions 'involving commerce,'" which she alleges the Supreme Court "has broadly construed to encompass a wider range of transactions that those actually in commerce, so long as the type of activity has a substantial effect on interstate commerce." (ECF 1, at 8 (internal quotation marks omitted) (citing *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52 (2003))). *Citizens Bank*, however, was a case that had been litigated in the Alabama state courts in which the Supreme Court addressed the question of whether the FAA applied in state-court litigation of the enforceability of arbitration clauses included within certain debt-restructuring agreements. *See Citizens Bank*, 539 U.S. at 53. Contrary to Petitioner's assertions, the Supreme Court in that case did not hold that federal courts have subject matter jurisdiction of any FAA claim seeking to affirm or vacate an arbitration award if the underlying controversy touches on interstate commerce.[4]

The Court grants Petitioner leave to file an amended motion in which she alleges facts demonstrating that the Court has federal question jurisdiction of her claims.

---

[4] Similarly, Petitioner cites a case from this court, *Ameriprise Fin. Servs. Inc., v. Silverman*, No. 19-CV-7812 (NRB), 2019 WL 6728862 (S.D.N.Y. Dec. 11, 2019), for the proposition that the FAA "governs the confirmation and vacatur of an award rendered in a FINRA arbitration." (ECF 1, at 9.) The FAA does in fact govern actions seeking confirmation or vacatur of an award in a FINRA arbitration but, as discussed above, only so long as the federal district court has an independent basis of federal jurisdiction. The petitioner in *Silverman* could bring the FAA claims in federal court because the court had diversity of citizenship jurisdiction of the action. *See Silverman*, ECF 1:19-CV-7812, 1 (stating that the parties were citizens of different states and that the amount in controversy exceeded $75,000).

## 2. Diversity of Citizenship Jurisdiction

To the extent that Petitioner's underlying claims arise under state law, she does not allege facts sufficient to show that the Court has diversity of citizenship jurisdiction of this action. To establish diversity jurisdiction, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. 28 U.S.C. § 1332; *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, an individual is a citizen of the State where he is domiciled, which is defined as the place where a person "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.* "[A] limited liability company . . .[,] [however,] takes the citizenship of each of its members." *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). A corporation, for diversity purposes, is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also The Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters).

Petitioner alleges that she is a resident of New York. She alleges that NYLife is a "Delaware registered Limited Liability Company holding offices" in New York, New York, "with locations in all states." (ECF 4, at 1.) She does not identify the members of the LLC or allege the citizenship of each member. Petitioner appears to suggest that NYLIC is a corporation that has an office in New York, New York (*see id.*), as well as "offices across the United States" (ECF 1, at 1). She does not provide a residential address for Luttati, but Petitioner alleges that Luttati works at FINRA Dispute Resolution Services in New York, New York. Because Petitioner does not identify the members of NYLife or allege each member's citizenship, state

8

whether NYLIC is a corporation, and, if so, identify the state or states in which NYLIC is incorporated and the state in which its principal place of business is located, or allege Luttati's citizenship or residential address, the Court is unable to determine whether the parties are diverse.[5] The Court grants Petitioner leave to file an amended motion alleging facts demonstrating that the parties are diverse based on the standards described above.

To demonstrate the existence of diversity jurisdiction, a plaintiff must also allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Because Petitioner seeks monetary compensation of $59,759 for unpaid commissions and $240,000 in compensatory damages (*see* ECF 1, at 11), the Court assumes for the purposes of this order that Petitioner's claims are worth in excess of the $75,000 minimum.

**B.   Leave to Replead**

Petitioner proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Petitioner may be able to

---

[5] To the extent that Petitioner is alleging that New York Life Insurance Company's principal place of business is in New York, the Court does not have diversity jurisdiction because Petitioner alleges that she is also a citizen of New York.

allege additional facts demonstrating that the Court has either federal question jurisdiction or diversity of citizenship jurisdiction of her motion, the Court grants Petitioner 60 days' leave to replead her claims in an amended motion.

Petitioner may consider contacting the New York Legal Assistance Group's ("NYLAG") Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the court. It cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit. A copy of the flyer with details of the clinic is attached to this order.

## CONCLUSION

The Court dismisses the motion for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court grants Petitioner 60 days' leave to file an amended motion to confirm in part and vacate in part an arbitration award. Petitioner must submit the amended motion to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Motion to Confirm in Part and Vacate in Part An Arbitration Award," and label the document with docket number 23-CV-4889 (LTS). No summons will issue at this time. If Petitioner fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the Court will enter judgment consistent with this order.

A copy of the NYLAG Clinic's flyer with details of the clinic is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 27, 2023
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court for the Southern District Of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic does not provide full representation. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

## To Contact the Clinic:

Call (212) 659-6190 or complete our online intake form (found here: https://tinyurl.com/NYLAG-ProSe-OI). A staff member will contact you within a few business days.

Those looking for assistance can also contact the clinic at the kiosk located across the hall from the pro se clinic office in the courthouse.

**At this time, the clinic offers remote consultations only. Requests for in-person appointments will be reviewed on a case-to-case basis.**

## Location and Hours:

Thurgood Marshall United States Courthouse

>Room LL22
>40 Foley Square
>New York, NY 10007
>(212) 659 6190
>
>Open weekdays
>10 a.m. – 4 p.m.
>Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.

