UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAROLINA TANJUTCO,

    Plaintiff,

-against-

NYLIFE SECURITIES LLC, et al.,

    Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/18/2024

23-CV-4889 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    Petitioner Carolina P. Tanjutco filed this action on June 9, 2023, pursuant to the Federal Arbitration Act, 9 U.S.C. § 2 *et seq.*, seeking to confirm in part and vacate in part an arbitration award issued by a panel convened pursuant to the rules of the Financial Industry Regulatory Authority (FINRA). The parties to the underlying arbitration proceeding were Tanjutco, who was the claimant and counterclaim respondent; NYLife Securities LLC (NYLife), which was the respondent and a counterclaimant; and New York Life Insurance Company (NYLIC), which was a counterclaimant. *See* Pet. Decl. (Dkt. 5) at ECF pp. 3-9 (Award). The panel was chaired by public arbitrator Carol Maria Luttati. *Id.* at ECF p. 9.

    In her operative petition, Tanjutco names as respondents NYLife, NYLIC, FINRA, and the United States Securities and Exchange Commission (SEC). *See* Amend. Pet. (Dkt. 11) ¶¶ 2-5. The petition mentions Luttati twice by name, *see id.* ¶¶ 19, 24, in connection with Tanjutco's contention that portions of the Award should be vacated pursuant to 9 U.S.C. § 10(a). However, it does not list Luttati as a respondent, does not state any personal claim against Luttati (or FINRA), and seeks no damages or other relief from Luttati (or FINRA).

    On January 16, 2024, FINRA filed a motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the petition insofar as it names FINRA as a party (Dkt. 35) and a second motion, pursuant to Fed. R. Civ. P. 21, to remove Luttati "as a named respondent from the docket of this action." FINRA

Mot. (Dkt. 36) at 1. Petitioner did not oppose either motion, and her time to do so has long run. However, on March 13, 2024, petitioner filed a motion, invoking Fed. R. Civ. P. 15(a), for leave "to correct the docket title to include Carol Maria Luttati." *See* Pet. Mot. (Dkt. 49) at 1.

FINRA's Rule 21 motion to drop Luttati as a party will be granted. Rule 21 provides that "[o]n a motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The rule "afford[s] courts discretion to shape litigation in the interests of efficiency and justice." *Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015); *accord Ponce-Melendres v. Doe Orange Cnty. Jail Admin. Off.*, 2020 WL 7343025, at *1-2 (S.D.N.Y. Dec. 14, 2020) (dropping improperly joined defendants where "[p]laintiff allege[d] nothing about the named defendants and therefore ha[d] not stated a claim against them or shown that they [were] properly joined to this action"). Because the operative petition "asserts no claims against Ms. Luttati personally and does not include Ms. Luttati as a named party," FINRA Mem. (Dkt. 36-1) at 2, she is not properly joined as a respondent and her name should be removed from docket of this action as a party.

Petitioner's motion will be denied. In light of her *pro se* status, I construe the motion liberally as seeking leave, pursuant to Rule 15(a), to file a second amended petition that includes Luttati as a respondent. However, petitioner has not submitted any proposed amended pleading, which is reason enough to deny the motion. *See Zito v. Leasecomm Corp.*, 2004 WL 2211650, at *25 (S.D.N.Y. Sept. 30, 2004) (denying motion for leave to amend where no proposed amended pleading was filed, leaving the court "to guess at the precise nature of the contemplated changes").

Nor, apparently, does petitioner intend to submit any new pleading. Instead, she explains that Luttati "erroneously has been omitted" from the Amended Petition, Pet. Mot. at 2, and advises the Court that her motion will not lead to any delay because she is "adopting the same records she

already filed, amending only the title heading." *Id*. at 6. Accordingly, I have also considered whether the existing Amended Petition, read liberally, could be deemed to state a claim against Luttati.

I conclude that no such claim is stated. As noted above, petitioner does not seek damages or any other relief from Luttati. She does complain that various decisions made by the panel and/or its chair exceeded the arbitrators' authority, demonstrated bias, were unfair, were against the weight of the evidence, or disregarded applicable FINRA rules.[1] These allegations may be germane to petitioner's attempt to vacate the portions of the Award pursuant to 9 U.S.C. § 10(a),[2] but they do not state any personal claim against any member of the panel. Moreover, each act complained of was undertaken by Luttati in her capacity as an arbitrator, "within the scope of the arbitral process," rendering her "absolutely immune" from any resulting civil liability. *Austern v. Chicago Bd. Options Exch., Inc.*, 898 F.2d 882, 886 (2d Cir. 1990); *see also Schorr v. Am. Arb. Ass'n Inc.*, 2022 WL 17965413, at *9 (S.D.N.Y. Dec. 27, 2022) (dismissing all claims against the AAA "associated with the adjudicative phase of the arbitration,"); *Landmark Ventures, Inc. v.*

---

[1] *See*, *e.g*. Amend. Pet. ¶ 12 (alleging that the panel exceeded its authority in allowing respondents to file a late fee application and then granting it); *id*. ¶¶ 13, 16, 18 (alleging that the panel exceeded its authority and disregarded FINRA rules in permitting the "late" filing of a counterclaim that "introduced new parties to the case"); *id*. ¶ 14 (alleging that the panel "refused to hear evidence pertinent and material to the case"); *id*. ¶ 19 (alleging that the panel "unjustly refused to hear evidence from petitioner" by delaying the filing of her post-hearing memorandum until Luttati returned from a trip abroad); *id*. ¶ 20 (alleging that the panel was biased in favor of NYLife, as evidenced by its decision permitting NYLife to file a post-hearing affidavit supporting its fee application); *id*. ¶ 23 (alleging that the panel exceeded its authority by granting an injunction when "no damages or violation was shown"); *id*. ¶ 35 (alleging that the panel "manifestly disregarded both the FINRA rules and evidence submitted").

[2] Section 10(a) authorizes the court to vacate an arbitration award where, *inter alia*, "there was evident partiality or corruption in the arbitrators"; the arbitrators were "guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced;" or "the arbitrators exceeded their powers." 9 U.S.C. § 10(a)(2)-(4).

*Cohen*, 2014 WL 6784397, at *2-4 (S.D.N.Y. Nov. 26, 2014) (dismissing all claims against arbitrator and sponsoring organization – and assessing sanctions against plaintiff pursuant to Fed. R. Civ. P. 11 – where "[a]ll of the conduct [plaintiff] complains about occurred within the scope of the arbitral process," including allegedly unfair procedural and scheduling decisions and a ruling assessing attorneys' fees and costs against plaintiff); *Gill v. Fin. Indus. Regul. Auth.*, 2013 WL 1203746, at *5 (S.D.N.Y. Mar. 6, 2013) (recommending dismissal of all claims against FINRA, including claims arising out of allegations that plaintiff was not properly served with the Statement of Claim and did not have enough time to respond, because "[a]rbitrators and their sponsors are immune from civil suit when acting within their capacity as arbitrators"), *report and recommendation adopted,* 2013 WL 1201499 (S.D.N.Y. Mar. 25, 2013).[3]

Since plaintiff has neither stated a claim against Luttati nor shown that any viable claim could be stated against her, leave to amend is also properly denied on grounds of "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) ("An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).").

---

[3] Apparently anticipating opposition based on the doctrine of absolute arbitral immunity, petitioner cites *Schorr*, 2022 WL 17965413, at *12, for the proposition that public policy disfavors applying the doctrine where doing so would "excuse – with impunity – arbitral institutions who shrink from carrying through on their contractual duties as alternative dispute resolution forums." Pet. Mot. at 3. In the portion of the *Schorr* opinion relied upon by petitioner, the court declined to apply arbitral immunity to Schorr's claims that the AAA accepted her fee payment but (after adjudicating the first phase of the parties' dispute) refused to further administer the arbitration – or return the fee – thereby failing to furnish the service for which it had been paid. *Id*. at *11-12. These allegations, the court held, did not implicate the arbitrators' "adjudicative function," *id*. at *11, such that extending arbitral immunity to cover them would not advance the goal of the doctrine, which is to "prevent arbitral losers" from suing arbitrators and arbitration providers "as a vehicle to attack, indirectly, the outcomes of completed arbitrations." *Id*. at *12. That aspect of *Schorr* has no application to the present case, where the underlying arbitration was "completed" and where, as in *Landmark Ventures*, the complained-of arbitrator conduct consists of various procedural and substantive rulings made by the arbitrators during the course of that arbitration.

For these reasons, FINRA's motion to drop Luttati as a party (Dkt. 36) is GRANTED, and petitioner's motion to "include" Luttati (Dkt. 49) is DENIED. The Clerk of Court is respectfully directed to terminate Carol Maria Luttati as a respondent in this action.

FINRA's Rule 12(b)(6) motion (Dkt. 35) remains *sub judice*. The Court requests that FINRA submit a supplemental brief, no later than **April 1, 2024**, addressing the effect of FINRA Rule 2080(b) (requiring that it be named as an additional party whenever a member or associated person seeks judicial confirmation of an arbitration award containing expungement relief) on that motion. Petitioner may respond no later than **April 15, 2024**, limited to the issue of FINRA Rule 2080(b).

Dated: New York, New York
       March 18, 2024                    SO ORDERED.

                                         _____
                                         **BARBARA MOSES**
                                         **United States Magistrate Judge**