UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _3/25/2024_
```

CAROLINA TANJUTCO,

            Plaintiff,

    -against-

NYLIFE SECURITIES LLC, et al.,

            Defendant.

23-CV-4889 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons that follow, the Court reconsiders and vacates its Order dated March 18, 2024 (the March 18 Order) (Dkt. 51), but adheres to its decision to (i) grant the motion of respondent Financial Industry Regulatory Authority (FINRA) to remove Carol Maria Luttati from the docket of this action as a party, *see* FINRA Mot. (Dkt. 36) at 1, and (ii) deny the motion of petitioner Carolina P. Tanjutco "for leave to correct the docket title to include Carol Maria Luttati." *See* Pet. Mot. (Dkt. 49) at 1. Additionally, the Court strikes petitioner's proposed amended pleading – filed without leave of Court after the March 18 Order was issued (Dkt. 52) – which improperly includes Luttati as a party.

<u>**Background**</u>

Tanjutco filed this action on June 9, 2023, *pro se*, seeking to confirm in part and vacate in part an arbitration award issued on May 26, 2023, by a FINRA arbitration panel. The parties to the underlying arbitration proceeding were Tanjutco, NYLife Securities LLC (NYLife), and New York Life Insurance Company (NYLIC). *See* Pet. Decl. (Dkt. 5) Ex. A (award), at ECF p. 3. The panel was chaired by Luttati, a public arbitrator. *See id.* at ECF p. 9.

In her original pleading in this Court, entitled Petition and Motion to Confirm in Part and to Vacate in Part Decision in FINRA Arbitration No. 22-01428 (Pet.) (Dkt. 1), Tanjutco named as respondents NYLife, NYLIC, and Luttati. *See* Pet. at 1. However, on July 27, 2023, the Chief

District Judge dismissed the Petition for lack of subject-matter jurisdiction. (Dkt. 7.) Tanjutco was granted leave to file an amended petition demonstrating that the Court has either federal question jurisdiction or diversity jurisdiction over the case. (*Id*. at 9-10.)

In her Amended Motion to Confirm in Part and Vacate in Part an Arbitration Award, filed on September 27, 2023 (Amend. Pet.) (Dkt. 11), Tanjutco alleges that she is a citizen and resident of the Philippines, and thus that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Amend. Pet. ¶¶ A, 1, B. She names as respondents NYLife, NYLIC, FINRA, and the United States Securities and Exchange Commission (SEC), *see id*. ¶¶ 2-5, and further alleges that this Court has federal question jurisdiction, pursuant to 28 U.S.C. § 1331, because "the cause of action raised herein involves petitioner's right to federal procedural due process," which, according to petitioner, was violated by the SEC "authorizing [FINRA] to enter allegations of violations through a public disclosure known as Brokercheck, initially intended for the protection of the investing public, but today it is commonly used by broker-dealers as a defamatory avenue to prevent competition from associated persons and former members of the firm (NYLIFE Securities LLC, in this case) from being hired or transferred to another broker-dealer." *Id*. ¶ C. The Amended Petition does not list Luttati as a respondent, does not state any personal claim against her, and seeks no damages or other relief from her.

On December 20, 2023, the parties consented to have the assigned Magistrate Judge conduct all proceedings in this case pursuant to 28 U.S.C. § 636(c). (Dkt. 32.)

On January 16, 2024, FINRA filed a motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the petition insofar as it names FINRA as a party (Dkt. 35), and a second motion, pursuant to Fed. R. Civ. P. 21, to remove Luttati "as a named respondent from the docket of this action." FINRA Mot. at 1. That same day, the SEC filed its opposition to the Amended Petition. (Dkt. 37.)

On February 9, 2024, petitioner filed a document entitled "Reply Brief" (Pet. Reply) (Dkt. 44), which appears to function, for the most part, as her reply brief in further support of her Amended Petition. Portions of the document, however, serve as her opposition to FINRA's January 16 motions. As relevant here, ¶¶ 16-18 of the Reply Brief urge the Court not to drop Luttati as a party to this action.

On March 13, 2024, Petitioner filed her own motion, invoking Fed. R. Civ. P. 15(a), for "leave to correct the docket title to include Carol Maria Luttati." Pet. Mot. at 1.

In the March 18 Order, the Court granted FINRA's Rule 21 motion to drop Luttati as a party and denied petitioner's Rule 15(a) motion to include Luttati as a party. In the body of that Order, however, the Court erroneously stated that Luttati did not oppose FINRA's motion – overlooking the portions of her Reply Brief that did in fact oppose the motion to drop Luttati as a party. *See* March 18 Order at 5. The Court regrets the error, which is grounds for vacatur and reconsideration of the March 18 Order. However, after careful review of petitioner's Reply Brief – as well as her most recent filings, discussed below – the Court has again determined that FINRA's Rule 21 motion should be granted and petitioner's Rule 15(a) motion should be denied.

Shortly after the March 18 Order was issued, plaintiff filed a document entitled Amended Motion to Confirm in Part and Vacate in Part an Arbitration Award (Prop. 2d Amend. Pet.) (Dkt. 52), which is substantially identical to the Amended Petition except that it includes Luttati as a party in the caption, describes her as a respondent ("in her capacity as Chairperson of [the] Arbitration Panel," Prop. 2d Amend. Pet. ¶ 4), and identifies her by name in several paragraphs that previously referred to her generically by title ("Chair") or function ("Arbitrator"). *Id*. ¶¶ 13, 19, 20, 21. Petitioner also filed a memorandum (Pet. Mem.) (Dkt. 53), in which she confirms that

the relief sought in this Court is limited to confirmation of a portion of the Award, vacatur of other portions of the Award, and money damages from NYLife and/or NYLIC. Pet. Mem. at 18-20.

On March 21, 2024, FINRA filed a letter arguing that the Proposed Second Amended Petition "disregards the legal and factual bases upon which Your Honor's March 18, 2024 Order was founded" and should be "denied." (Dkt. 54 at 1.) The Court notes, however, that plaintiff's most recent filings are dated March 13, 2024, and were likely submitted prior to the issuance of the March 18 Order, although they were not received by this Court's Pro Se Office until March 18, 2024.

### The Rule 21 Motion

FINRA's motion to drop Luttati as a party will be granted. Rule 21 of the Federal Rules of Civil Procedure states that "[o]n a motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The rule "afford[s] courts discretion to shape litigation in the interests of efficiency and justice." *Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015); *accord Ponce-Melendres v. Doe Orange Cnty. Jail Admin. Off.*, 2020 WL 7343025, at *1-2 (S.D.N.Y. Dec. 14, 2020) (dropping improperly joined defendants where "[p]laintiff alleges nothing about the named defendants and therefore has not stated a claim against them or shown that they are properly joined to this action"). Because the Amended Petition – which is the operative pleading in this action – "asserts no claims against Ms. Luttati personally and does not include Ms. Luttati as a named party," FINRA Mem. at 2, she is not properly joined, and her name should be removed from docket of this action as a party.

Nothing in petitioner's February 9 Reply Brief changes this result. In that document, Tanjutco states that she opposes the motion to drop Luttati because Luttati displayed "apparent bias" and "failed to render her duty as a sworn Arbitrator" by making various rulings during the

arbitration that were favorable to NYLife and/or NYLIC. Pet. Reply ¶¶ 16-17. Thus, in petitioner's view, Luttati's rulings as Chair of the arbitration panel are "the principal cause of this action." *Id.* ¶ 18. However, petitioner concedes that Luttati's "name does not appear in the title" of the Amended Petition, *id.* ¶ 18, and makes no effort to argue that she has stated any personal claim against Luttati or seeks any relief from her. Petitioner further concedes that Luttati's complained-of conduct consists of decisions made "in her capacity as Arbitration Chair[.]" *Id.*

The Court therefore concludes, again, that Luttati is not properly joined as a respondent in this Court and that her name should be removed from docket of this action as a party.

### The Rule 15(a) Motion

Petitioner's motion for leave to "include Carol Maria Luttati" will be denied. In light of petitioner's *pro se* status, and given her most recent filings, I construe the motion liberally as seeking leave, pursuant to Rule 15(a), to file her proposed Second Amended Petition and thereby restore Luttati to the docket of this action as a party.

As noted above, the proposed Second Amended Petition is identical to the Amended Petition except that it: (i) lists Luttati as a respondent in the case caption, *see* Prop. 2d Amend. Pet. at 1; (ii) identifies Luttati ("acting in her capacity as Chairperson of Arbitration Panel Case No. 22-01428") as a respondent, *see id.* ¶ 4; and (iii) refers to Luttati by name in several paragraphs that previously complained about rulings issued by the "Arbitration Panel," the "Arbitration Chair," or the "Arbitrator." *See id.* ¶¶ 13, 19, 20, 21. As in her previous pleadings, petitioner does not seek any relief from Luttati. Nor does she state any cognizable claim against her.

Instead, petitioner complains that various decisions made by Luttati (and/or by the panel as a whole) demonstrated bias, were unfair, were against the weight of the evidence, or disregarded

applicable FINRA rules.[1] These allegations may be germane to petitioner's attempt to vacate portions of the arbitration award pursuant to 9 U.S.C. § 10(a),[2] but they do not state any personal claim against Luttati because, as petitioner concedes, each act complained of was undertaken by Luttati in her capacity as an arbitrator and "within the scope of the arbitral process," rendering her "absolutely immune" from any resulting civil liability. *Austern v. Chicago Bd. Options Exch., Inc.*, 898 F.2d 882, 886 (2d Cir. 1990); *see also Schorr v. Am. Arb. Ass'n Inc.*, 2022 WL 17965413, at *9 (S.D.N.Y. Dec. 27, 2022) (dismissing all claims against the AAA "associated with the adjudicative phase of the arbitration,"); *Landmark Ventures, Inc. v. Cohen*, 2014 WL 6784397, at *2-4 (S.D.N.Y. Nov. 26, 2014) (dismissing all claims against arbitrator and sponsoring organization – and sanctioning plaintiff pursuant to Fed. R. Civ. P. 11 – where "[a]ll of the conduct [plaintiff] complains about occurred within the scope of the arbitral process," including allegedly unfair procedural and scheduling decisions and a ruling assessing attorneys' fees and costs against plaintiff); *Gill v. Fin. Indus. Regul. Auth.*, 2013 WL 1203746, at *5 (S.D.N.Y. Mar. 6, 2013) (recommending dismissal of all claims against FINRA, including claims arising out of allegations

---

[1] *See*, *e.g.* Prop. 2d Amend. Pet. ¶ 12 (alleging that the panel exceeded its authority in allowing respondents to file a late fee application and then granting it); *id*. ¶¶ 13, 16, 18 (alleging that Luttati exceeded her authority and disregarded FINRA rules in permitting the "late" filing of a counterclaim that "introduced new parties to the case"); *id*. ¶ 14 (alleging that the panel "refused to hear evidence pertinent and material to the case"); *id*. ¶ 19 (alleging that Luttati "unjustly refused to hear evidence from petitioner" by delaying the filing of her post-hearing memorandum until she returned from a trip abroad); *id*. ¶ 20 (alleging that the Luttati was biased in favor of NYLife, as evidenced by her decision permitting NYLife to file a post-hearing affidavit supporting its fee application); *id*. ¶ 21 (alleging that "Luttati's Order of May 14, 2023 allow[ed] extreme leniency to New York Life"); *id*. ¶ 23 (alleging that the panel exceeded its authority by granting an injunction when "no damages or violation was shown"); *id*. ¶ 35 (alleging that the panel "manifestly disregarded both the FINRA rules and evidence submitted").

[2] Section 10(a) authorizes the court to vacate an arbitration award where, *inter alia*, "there was evident partiality or corruption in the arbitrators"; the arbitrators were "guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced;" or "the arbitrators exceeded their powers." 9 U.S.C. § 10(a)(2)-(4).

that plaintiff was not properly served with the Statement of Claim and did not have enough time to respond, because "[a]rbitrators and their sponsors are immune from civil suit when acting within their capacity as arbitrators"), *report and recommendation adopted,* 2013 WL 1201499 (S.D.N.Y. Mar. 25, 2013).[3]

Since the proposed Second Amended Petition does not state a claim against Luttati, and since petitioner has not shown that any viable claim could be stated against her, leave to amend is properly denied on grounds of "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) ("An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).").

## Conclusion

For the reasons set forth above, the Court VACATES its March 18 Order but adheres to its decision GRANTING FINRA's motion to drop Luttati as a party (Dkt. 36) and DENYING petitioner's motion to "include" Luttati as a party. (Dkt. 49.) In addition, the Court now denies plaintiff leave to file her proposed Second Amended Petition. (Dkt. 52.) Consequently, the Clerk

---

[3] In her March 13 motion – apparently anticipating opposition based on the doctrine of absolute arbitral immunity – petitioner cites *Schorr*, 2022 WL 17965413, at *12, for the proposition that public policy disfavors applying the doctrine where doing so would "excuse – with impunity – arbitral institutions who shrink from carrying through on their contractual duties as alternative dispute resolution forums." Pet. Mot. at 3. In that portion of the *Schorr* opinion relied upon by petitioner, the court declined to apply arbitral immunity to Schorr's claims that the AAA accepted her fee payment but (after adjudicating the first phase of the parties' dispute) refused to further administer the arbitration – or return the fee – thereby failing to furnish the service for which it had been paid. *Id.* at *11-12. These allegations, the court held, did not implicate the arbitrators' "adjudicative function," *id.* at *11, such that extending arbitral immunity to cover them would not advance the goal of the doctrine, which is to "prevent arbitral losers" from suing arbitrators and arbitration providers "as a vehicle to attack, indirectly, the outcomes of completed arbitrations." *Id.* at *12. That aspect of *Schorr* has no application to the present case, where the underlying arbitration was "completed" and where, as in *Landmark Ventures*, the complained-of arbitrator conduct consists of various procedural and substantive rulings made by an arbitrator during the course of that arbitration.

of Court is respectfully directed to vacate the Court's Order at Dkt. 51, close the motions at Dkts. 36 and 49, and strike the pleading at Dkt. 52.

FINRA's Rule 12(b)(6) motion (Dkt. 35) remains *sub judice*. The Court adheres to its request that FINRA submit a supplemental brief, no later than **April 1, 2024**, addressing the effect of FINRA Rule 2080(b) (requiring that it be named as an additional party whenever a member or associated person seeks judicial confirmation of an arbitration award containing expungement relief) on that motion. Petitioner may respond no later than **April 15, 2024**, limited to the issue of FINRA Rule 2080(b).

Dated: New York, New York        **SO ORDERED.**
       March 25, 2024

_____
**BARBARA MOSES**
**United States Magistrate Judge**